IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLIN JOHNSON, on behalf of himself :
and all others similarly situated, :
:
Plaintiff, :
:
v. : Civil Action No. 15-390-LPS
:
ORGANO GOLD INT'L, INC., et al., a :
Nevada Corporation, ORGANO GOLD :
INT'L, INC., a Washington Corporation, :
ORGANO GOLD INTERNATIONAL, :
LLC, and ORGANO GOLD :
MANAGEMENT, INC. :
:
Defendants. :

Phillip T. Edwards, MURPHY & LANDON, Wilmington, DE.

John S. Spadaro, JOHN SHEEHAN SPADARO, LLC, Hockessin, DE.

   Attorneys for Plaintiff.


Colm F. Connolly, Jody C. Barillare, MORGAN, LEWIS & BOCKIUS LLP, Wilmington, DE.

Thomas J. Sullivan, Zachary M. Johns, MORGAN, LEWIS & BOCKIUS LLP, Philadelphia, PA.

   Attorneys for Defendants.

**MEMORANDUM OPINION**

November 20, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is Plaintiff's Motion to Remand to the Superior Court of Delaware. (D.I. 7) ("Motion") Briefing on the motion was completed on July 8, 2015. (D.I. 8, 12, 13) The Court heard argument on the motion on October 9, 2015. (Oct. 9, 2015 Hearing Transcript) (hereinafter Tr.) For the reasons set forth below, the Court will deny the Motion.

## I. BACKGROUND

On March 19, 2015, plaintiff Marlin Johnson ("Plaintiff"), a resident of Florida, filed a civil action against defendants Organo Gold International, Inc., Organo Gold International LLC, and Organo Gold Management Inc. (collectively, "Organo" or "Defendants"), in the Superior Court of Delaware in and for New Castle County. (*See* D.I. 1 at 2) In his complaint (*see* D.I. 1, Ex. A at 8-23) (hereinafter "Complaint"), Plaintiff alleges that he suffered serious complications after undergoing gastric bypass surgery due to his consumption of Organo coffee containing Ganoderma Lucidum. (*Id.* at ¶¶ 8-9) He claims that Defendants failed to warn him of the dangerous side effects of Ganoderma Lucidum, and further failed to label the amount of Ganoderma Lucidum in its product. (*See id.* at ¶ 13) Consequently, in Plaintiff's view, Defendants are liable for his resulting injuries. (*See, e.g., id.* at ¶ 1) Plaintiff also purports to bring a class action on behalf of over 100 individuals and entities "within the State of Delaware that purchased Organo products containing Ganoderma Lucidum." (*Id.* at ¶ 4) In his Complaint, Plaintiff asserts six counts for: (i) declaratory relief; (ii) breach of express and implied warranties; (iii) consumer fraud; (iv) negligence; (v) negligent labeling and failing to warn; and (vi) misrepresentation. (*Id.* at ¶¶ 23-43)

On May 15, 2015, Defendant filed a notice of removal in this Court, contending this

Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*See id.* at 1, 3-7) On May 29, 2015, Plaintiff filed the Motion (D.I. 7), arguing that there is no diversity of citizenship between the parties and that Defendants have not shown that the amount in controversy exceeds the $75,000 jurisdictional threshold, and further that jurisdiction does not exist under CAFA because Defendants have not made an adequate showing that the aggregated amount in controversy is in excess of $5,000,000 (*see* D.I. 8 at 2).

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441, a defendant in a state court proceeding may have the right to remove such a case to federal court if, based upon the face of the filed pleadings, subject matter jurisdiction would have existed in federal court for the plaintiff's claims. Where federal subject matter jurisdiction is based on diversity, there must be both complete diversity of the parties and the requisite jurisdictional amount of at least $75,000. *See* 28 U.S.C. § 1332(a). Where federal subject matter jurisdiction is based on CAFA, there must be at least minimal diversity of the parties and the requisite jurisdictional amount of greater than $5,000,000. *See* 28 U.S.C. § 1332(d).

With respect to diversity, a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."

With respect to amount in controversy, on a motion to remand "[i]t must appear to a legal

2

certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), *superceded by statute on other grounds*, Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, tit. X, § 1016(c), 102 Stat. 4670 (1988). Generally, the amount in controversy is determined by the complaint itself. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Where the amount in controversy is ambiguous in the pleadings, the Court must conduct its own independent appraisal of the allegations to determine whether the value of claims exceeds the jurisdictional amount. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id*. A defendant "seeking removal [and to defeat remand] has the burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Rudolph v. Taylor*, 2004 WL 51270, at *1 (D. Del. Jan. 5, 2004). "In other words, it must be more likely than not that the amount in controversy will be [satisfied]." *Id*.

The removal statute is "strictly construed against removal [with] all doubts . . . resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

### III. DISCUSSION

The Court concludes that complete diversity of citizenship exists because Plaintiff is a resident of Florida and Defendants are Nevada business entities. (*See* Complaint at ¶¶ 3-4) These facts are not disputed. (Tr. at 8) Further, although Plaintiff prays for an indeterminate amount of compensatory and punitive damages and attorneys' fees, he alleges that he suffered serious medical injuries, requiring him "to be resuscitated with multiple blood and platelet

3

transfusions and undergo an emergency surgery." (Complaint at ¶¶ 1, 9) Plaintiff does not dispute that the value of his own personal injury claim exceeds $75,000. (Tr. at 7-8) Thus, with respect to Plaintiff's individual personal injury claim, it is more likely than not that the amount in controversy exceeds $75,000. Accordingly, the Court has original jurisdiction over at least Plaintiff's individual personal injury claim.[1]

The Court's analysis turns next to whether supplemental jurisdiction exists over the claims of the absent class members. Plaintiff argues that his own personal injury cannot be used to impart subject matter jurisdiction over the absent class members, whose injuries are unknown. (*See, e.g.*, D.I. 8 at 6, 8)

In taking this view, Plaintiff relies on the Third Circuit's decision in *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d. Cir. 1993) (citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973)), which to Plaintiff stands for the proposition that "in a diversity-based class action, . . . each member of the class must claim at least the jurisdictional amount." However, Defendant correctly points out that, as held by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005), *Zahn* – on which the Third Circuit relied in *Packard* – was overruled when Congress amended § 1367 to authorize supplemental jurisdiction in class actions "where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy." *Allapattah* further provides that CAFA "does not moot the significance of our interpretation of § 1367, as many proposed exercises of supplemental jurisdiction, even in the class-action

---

[1] In determining whether the Court has subject matter jurisdiction over Plaintiff's individual claims, all of Plaintiff's individual claims are considered. *See generally Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) ("The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other.").

4

context, might not fall within the CAFA's ambit." *Id.* at 572.

Plaintiff argues that *Allapattah* is inapposite because it only authorizes supplemental jurisdiction over "the claims of other plaintiffs in the same Article III case or controversy," *id.* at 549, yet here "Mr. Johnson's personal injury claim arises from different operative facts than those that give rise to other class members' 'failure to warn' claims," rendering Plaintiff's individual claims a ***different*** case or controversy. (D.I. 13 at 1) Specifically, Plaintiff contends that the operative facts for his personal injury claim consist of the complications following his gastric bypass surgery. (*See id.* at 3) The Court disagrees with Plaintiff's characterization.

Claims are part of the same case or controversy when they derive from a "common nucleus of operative facts." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Lyon v. Whisman*, 45 F.3d 758, 760 (3d. Cir. 1995), *superceded by statute on other grounds*, 28 U.S.C. § 1367(c)(3) (citing *Gibbs*). Although Plaintiff concedes that his personal injury claim shares common operative facts with the claims of the absent class members, he maintains that these shared facts do not form the ***nucleus*** of the case. (*See* Tr. at 34-36) Again, the Court disagrees. Plaintiff's personal injury claim ***as well as*** the claims of the absent class members are based on a common nucleus of operative facts: Organo's failure to adequately label its product and warn class members about the risks of consuming Ganoderma Lucidum.[2]

---

[2](*See* Complaint at ¶ 25 (Count I: "Defendants are liable for, among other things, failing to provide warning to [their] customers of the dangerous side effects of [their] products and for failing to provide accurate information about the amount of Ganoderma Lucidum in [their] products."); *id.* at ¶¶ 29-30 (Count II: Defendants breached an express warranty . . . created through advertising, promotion and product labeling, . . . [and] Defendants breached the implied warranties . . . that Organo Gold products containing Ganoderma Lucidum w[ere] . . . reasonably safe and suited for the purposes and uses of which Organo Gold products were represented and sold"); *id.* at ¶¶ 32-24 (Count III: Consumer Fraud); *id.* at ¶ 36 (Count IV: "Defendants breached their duty to provide adequate warning to [their] customers of the dangerous side effects of

5

Nothing in the Complaint distinguishes Plaintiff's injuries from those of the absent class members. To the contrary, the Complaint essentially links the injuries to Plaintiff and to the class members by alleging "Defendants' negligence in failing to give adequate warnings, instructions or ingredient content information to consumers . . . caused and will continue to cause injury to Plaintiff Marlin Johnson and others similarly situated." (Complaint at ¶ 39) Elsewhere, the Complaint similarly alleges: "The breach of these warranties caused serious bodily injuries to Marlin Johnson, on behalf of himself and all others similarly situated." (*Id.* at ¶ 31) Moreover, paragraph 18 of the Complaint expressly provides:

> *18. Existence and Predominance of Common Questions of Law and Fact (Super. Ct. Civ. R. 23(a)(2), 23(b)(3)).* Common questions of law and fact affect the right of each Class member and common relief by way of damages is sought for Plaintiff and Class members. *The harm that Defendants have caused or could cause is substantially uniform with respect to Class members.* Common questions of law and fact that affect the Class members include, but are not limited to:
>
> > (a) Whether Defendants sold [their] products with false or misleading statements concerning the safety and lack of dangerous side effects;
> >
> > (b) Whether Defendants failed to prevent damages by failing to warn its customers about the dangerous side effects of its products;
> >
> > (c) Whether Defendants knowingly provided false information to Plaintiff and the Class members;
> >
> > (d) Whether Defendants omitted material information when it sold its products;

---

[their] products containing Ganoderma Lucidum and the amount of Ganoderma Lucidum contained in [their] products."); *id.* at ¶¶ 37-39 (Count V: Negligent Labeling/Failure to Warn); *id.* at ¶¶ 40-43 (Count VI: Misrepresentation))

> (e) Whether the members of the Class have
> sustained damages and, if so, the proper measure of
> such damages.

(*Id.* at ¶ 18) (second emphasis added) The allegation that "[t]he harm that Defendants have caused or could cause is substantially uniform with respect to Class members" is one that the Court takes as true at this stage of the proceedings.

Plaintiff concedes that he "ha[s] not pled a physical injury claim that is unrelated to or not dependent on an underlying misrepresentation." (Tr. at 35) Hence, the Court agrees with Defendants that the factual basis for all of the claims is that Organo's products do not warn about the purported health risks of Ganoderma Lucidum or disclose how much Ganoderma Lucidum is in each product. Because the claims share a common nucleus of operative fact, they are all part of the same case or controversy, and Plaintiff cannot escape *Allapattah*'s holding that § 1367 authorizes supplemental jurisdiction over class actions "where some, but not all, of the plaintiffs . . . allege a sufficient amount in controversy." 545 U.S. at 566.

Accordingly, the Court finds that original jurisdiction based on diversity exists over all of the claims in this case, and it has been properly removed to federal court. Having reached this conclusion, the Court need not further decide whether jurisdiction exists based on CAFA.

## IV. CONCLUSION

An appropriate order will be entered.