IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLIN JOHNSON, on behalf of himself :
and all others similarly situated,                   :
                                                                     :
       Plaintiff,                                          :
                                                                     :
v.                                                                 :  Civil Action No. 15-390-LPS
                                                                     :
ORGANO GOLD INT'L, INC., a Nevada   :
Corporation,                                                 :
                                                                     :
       Defendant.                                       :

Phillip T. Edwards, MURPHY & LANDON, Wilmington, DE.

John S. Spadaro, JOHN SHEEHAN SPADARO, LLC, Smyrna, DE.

    Attorneys for Plaintiff.


Colm F. Connolly, Jody C. Barillare, MORGAN, LEWIS & BOCKIUS LLP, Wilmington, DE.

Thomas J. Sullivan, Zachary M. Johns, MORGAN, LEWIS & BOCKIUS LLP, Philadelphia, PA.

    Attorneys for Defendants.



**MEMORANDUM OPINION**


May 13, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

Pending before the Court is Defendant Organo Gold International, Inc.'s ("Defendant" or "Organo Gold") Motion to Dismiss Based upon Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(f). (D.I. 23) ("Motion") Briefing on the Motion was completed on February 26, 2016. (D.I. 24, 25, 27) The Court heard argument on the Motion on April 26, 2016. (D.I. 31 ("Tr.")) For the reasons set forth below, the Court will grant the Motion in part and deny the Motion in part.

I.     BACKGROUND

On March 19, 2015, plaintiff Marlin Johnson ("Plaintiff"), currently a resident of Delaware (Tr. at 40), filed a civil action against defendants Organo Gold, Organo Gold International, Inc. (a Washington Corporation), Organo Gold International, LLC, and Organo Gold Management, Inc. (collectively, "Organo Gold" or "Defendants"), in the Superior Court of Delaware in and for New Castle County. (*See* D.I. 1 at 2) In his Complaint (*see* D.I. 1, Ex. A at 8-23) (hereinafter "Complaint"), Plaintiff alleged that he suffered serious complications after undergoing gastric bypass surgery, due to his consumption of Organo Gold coffee containing a supplement called Ganoderma Lucidum. (*Id.* at ¶¶ 8-9) He claimed that Defendants failed to warn him of the dangerous side effects of Ganoderma Lucidum and further failed to label the amount of Ganoderma Lucidum in their product. (*See id.* at ¶ 13) Consequently, in Plaintiff's view, Defendants are liable for his resulting injuries. (*See, e.g., id.* at ¶ 1) Plaintiff also purported to bring a class action on behalf of over 100 individuals and entities "within the State of Delaware that purchased Organo Gold products contain[ing] Ganoderma Lucidum." (*Id.* at

1

¶ 14)[1] In his Complaint, Plaintiff asserted six counts for: (I) declaratory relief; (II) breach of express and implied warranties; (III) consumer fraud; (IV) negligence; (V) negligent labeling and failing to warn; and (VI) misrepresentation. (*Id.* at ¶¶ 24-43)

On May 15, 2015, the action was removed to this Court based on diversity of citizenship, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (*See* D.I. 1 at 1, 3-7) On November 20, 2015, the Court denied Plaintiff's Motion to Remand. (D.I. 20, 21) On February 24, 2016, two days before briefing on the pending Motion was completed, the parties agreed to a Stipulation to Dismiss Certain Defendants and Claims ("Stipulation"), pursuant to which: (1) all of Plaintiff's claims against Defendants other than Organo Gold were dismissed with prejudice; (2) Plaintiff's claims in Count II for breach of express warranty and breach of implied warranty of merchantability were dismissed with prejudice; (3) Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 23(b)(3) and Delaware Superior Court Rule of Civil Procedure 23(b)(3) (collectively, "Rule 23(b)(3)") were withdrawn; and (4) Plaintiff agreed not to seek relief pursuant to Rule 23(b)(3).[2] (D.I. 26)

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but

---

[1]Plaintiff has since revised his class definition. (*See* D.I. 25 at 16)

[2]The Court does not address in this Memorandum Opinion issues raised by the Motion which have since been mooted by the Stipulation.

whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a morion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). "[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859

(3d Cir. 1994).

### B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires a complaint to plead "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "Although a plaintiff is not required to allege every material detail – such as date, location, or time – a plaintiff must plead the circumstances of the fraud with sufficient particularity 'to place defendants on notice of the precise misconduct with which they are charged.'" *Eames v. Nationwide Mut. Ins. Co.*, 2008 WL 4455743, at *13 (D. Del. Sept. 30, 2008), *aff'd* 346 F. App'x 859 (3d Cir. 2009). Rule 9(b) imposes a "stringent pleading restriction[]," *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007), such that "boiler plate and conclusory allegations will not suffice," *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 530 (D. Del. 2012).

### C. Federal Rule of Civil Procedure 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), "[a] court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may strike class allegations before discovery "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, 2008 WL 4056244, at *7 (D.N.J. Aug. 26, 2008); *see also Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015). In such cases, to survive a motion to strike class allegations and class definition, "[t]he plaintiff bears the burden of advancing a prima facie showing that the

class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407, at *2 (W.D. Pa. Apr. 12, 2013).

## III. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

#### 1. Federal Preemption

Defendant argues that Plaintiff's state-law claims based on Defendant's failure to disclose the amount of Ganoderma Lucidum in Organo Gold coffee are preempted by the Nutrition Labeling and Education Act of 1990 ("NLEA"), Pub. L. No. 101-535, 104 Stat. 2353 (1990), amending the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*. The NLEA expressly preempts "any requirement for nutrition labeling of food that is not identical to the requirement of section 343(q)." 21 U.S.C. § 343-1(a)(4). Section 343(q) authorizes the Food and Drug Administration ("FDA") to regulate the labeling of nutrition information in food products such as coffee. *Id.* § 343(q)(1)-(2)(A); *see also* 21 U.S.C. § 321(f) ("The term 'food' means (1) articles used for food or drink for man . . . ."). FDA regulations require that content information for coffee be listed in a "Nutrition Facts" label for certain nutrients or food components having Reference Daily Intakes ("RDIs") or Daily Reference Values ("DRVs"), such as sodium, sugar, and protein. *See* 21 C.F.R. § 101.9. Content information for particular nutrients or food components can only be included in the Nutrition Facts label if those nutrients or food components are identified by subsection (c) for either mandatory or voluntary disclosure in the Nutrition Facts label. *See id.* § 101.9(c). Whether or not a dietary ingredient is included in the Nutrition Facts Panel, all dietary ingredients are required to be listed – without corresponding

content information – in an ingredients list, in descending order of weight percentage. *Id.* § 101.4(a)

Plaintiff argues that his state-law content-based claims are not preempted by the NLEA's amendments to the FDCA because the legislative history of section 343-1 makes clear that state-law remedies regarding safety warnings are not preempted, *see* Pub. L. No. 101-535, 104 Stat. 2634 (1990) ("The amendment made by subsection (a) shall not be construed to apply to any requirement respecting a statement in the labeling of food that provides for a warning concerning the safety of the food or component of the food."), and "[p]reemption is always a matter of congressional intent," *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 314 (2d Cir. 2005) (citing *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152 (1982)). The theories for Plaintiff's state-law claims are two-fold: that Defendant is liable both for "failing to provide warning to its customers of the dangerous side effects of its products and for failing to provide accurate information about the amount of Ganoderma Lucidum in its products." (Complaint at ¶ 25) Defendant seeks to dismiss claims only the latter theory – the "content theory"[3] – based on preemption. (*See* Tr. at 7-8) The Court agrees that Plaintiff's state-law claims based on this content theory are preempted.

The content theory directly conflicts with non-identical federal labeling requirements, which only allow labeling of ingredient amounts for nutrients or food components identified for disclosure by the FDA, which Ganoderma Lucidum is not. *See* 21 C.F.R. § 101.9 & (c). Because acceptance of Plaintiff's content theory would "in effect enforc[e] state law

---

[3]As Defendant notes, this theory is expressly advanced with respect to Counts I, IV, V, and VI, but could also be fairly read as applying to Counts II and III. (*See* D.I. 24 at 4 n.2)

6

requirements that are not identical to the NLEA, [Plaintiff's] action is expressly preempted as it relates to those claims." *Young v. Johnson & Johnson*, 525 F. App'x 179, 183 (3d Cir. 2013); *see also Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 93 (D.N.J. 2011) ("When the . . . cause of action would impose a requirement that is not the same as the federal requirement then it is preempted."). Plaintiff's content-based claims do ***not*** fall within the exception to express preemption for safety warnings, as they "do[] not involve a warning and only relate[] to how certain ingredients are to be displayed on a label." (D.I. 27 at 3)[4]

Accordingly, to the extent that Plaintiff's state law claims are based on the content theory, they are preempted by the NLEA. Further, because the safe harbor provision in the Delaware Consumer Fraud Act ("DCFA") bars actions where FDA regulations have been complied with, Plaintiff's DCFA content theory claims in Count III must also be dismissed. *See* 6 Del. C. § 2513(b)(2); *Pa. Employee Benefit Trust Fund v. Zeneca, Inc.*, 2005 WL 2993937, at *2 (D. Del. Nov. 8, 2005) (applying 6 Del. C. § 2513(b)(2) to FDA preemption), *judgment vacated on other grounds*, 556 U.S. 1101 (2009).

### 2. Causation

Defendant argues that Plaintiff has failed to plead causation for his claims of negligence and negligent labeling, Counts IV and V, respectively. With respect to causation, Plaintiff alleges not only that Organo's failure to warn "caused" Mr. Johnson's injuries (Complaint at ¶¶ 36, 39), but also more specifically alleges that "[h]is hemoglobin level dropped from 11 to 6 and his international normalised ration (INR) was close to 3," and "[a]fter investigation, it was

---

[4] The Complaint itself distinguishes the content theory and the failure to warn theory. (*See* Complaint at ¶ 25)

discovered by Plaintiff's doctors that Plaintiff's consumption of Organo Gold coffee infused with Ganoderma Lucidum caused his platelet dysfunction and bleeding which led to his postoperative complications" (*id.* at ¶ 9). Plaintiff further alleges that "Ganoderma Lucidum is a natural blood thinner that prevents a person's blood from clotting properly and causes intestinal bleeding and platelet dysfunction." (*Id.* at ¶ 13)

These factual allegations are not legal conclusions. Taken as true (as the Court must at this point in the proceedings), they are sufficient to establish actual causation. At the pleading stage, Plaintiff need not point to scientific or medical literature or provide a more specific account of precisely how much of his blood thinning was caused by his consumption of Ganoderma Lucidum.

However, Defendant is correct that Plaintiff fails to adequately allege in connection with Counts IV and V that a warning would have made a difference to him. *See Salvio v. Amgen, Inc.*, 810 F. Supp. 2d 745, 753 (W.D. Pa. 2011) (finding causation inadequately pled where plaintiff, *inter alia*, "failed to provide any facts about how the change in the 'black box' warning affected her choice to either continue taking [the medication], or stop taking it"). Plaintiff points to the allegations in paragraphs 39 and 42 of the Complaint, which are made with respect to Counts V and VI, respectively. (*See* Complaint at ¶ 39 ("Defendants' negligence in failing to give adequate warnings, instructions or ingredient content information to consumers of Organo Gold products containing Ganoderma Lucidum caused and will continue to cause injury to Plaintiff Marlin Johnson and others similarly situated."), ¶ 42 ("Had Defendants not withheld or omitted the important information about their products, Plaintiff and others similarly situated would not have purchased Organo Gold products, or would have paid less for them.")) But these paragraphs do

not clearly articulate that Plaintiff would not have consumed Organo Gold coffee had the coffee contained a warning about the risks of Ganoderma Lucidum. Plaintiff did, however, clarify at the hearing that it was his intent to so plead. (*See* Tr. at 22-25) Under the circumstances, the Court will provide Plaintiff an opportunity to amend his Complaint to allege that he would not have consumed Organo Gold coffee had it contained a warning about the risks of Ganoderma Lucidum, and will further permit him to incorporate the amended allegations in any of the claims he is being permitted to press.

### 3. Implied Warranty of Fitness

In Count II, Plaintiff alleges breach of an implied warranty of fitness for a particular purpose. Such a claim requires four elements:

> (1) a buyer has a special purpose for certain goods; (2) the seller knew or had reason to know of that purpose; (3) the seller knew or had reason to know that the buyer was relying on the seller's superior skill to select goods that fulfilled that purpose; and (4) the buyer in fact relied on the seller's superior skill.

*DiIenno v. Libbey Glass Div., Owens-Ill., Inc.*, 668 F. Supp. 373, 376 (D. Del. 1987) (citing Del. C. § 2-315).

Here, Plaintiff fails to plead at least the first of these four factors. Plaintiff alleges that he "purchased and consumed the coffee because of [Organo Gold's] representation of the purported health benefits derived from Ganoderma Lucidum." (Complaint at ¶ 8; *see also id.* at ¶ 12) Hence, the purpose for which Plaintiff purchased Organo Gold coffee is the coffee's "ordinary purpose, not some special purpose possessed only by [Plaintiff]." *DiIenno*, 668 F. Supp. at 376-77 ("DiIenno contends that she purchased the jar for a particular purpose, to open and close it. This argument is ridiculous. Opening and closing is a jar's ordinary purpose, not

some special purpose possessed only by DiIenno. An action for breach of the warranty for a particular purpose is thus unavailable to DiIenno.") (internal citation omitted); *see also Cohen v. Hathaway*, 595 F. Supp. 579, 583-84 (D. Mass. 1984) (applying Delaware law in finding implied warranty of fitness where defendant had reason to know plaintiff was purchasing vessel for fishing and represented the vessel as suitable for fishing).[5]

Accordingly, the Court will grant Defendant's Motion with respect to Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose claim in Count II.

### 4. Declaratory Judgment

Under the Delaware Declaratory Judgment Act, 46 Del. C. § 269, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, courts have discretion to dismiss a request for declaratory relief if an alternative remedy is better or more effective. *See Burris v. Cross*, 583 A.2d 1364, 1376 (Del. Super. Ct. 1990) ("Although the mere existence of another adequate remedy does not require dismissal, it can constitute sufficient grounds for dismissal in the Court's discretion."); *see also Khoday v. Symantec Corp.*, 858 F. Supp. 2d 1004, 1015 (D. Minn. 2012) ("The Court will dismiss Plaintiffs' request for declaratory relief [pursuant to 28 U.S.C. § 2201] because it is unnecessary. Plaintiffs have already asserted a claim for damages based on the same underlying dispute"). The Court agrees with Defendant that here "monetary damages would be a more efficient remedy for Plaintiff's alleged physical injuries [rather] than a declaration of legal rights," as the latter "would not redress Mr. Johnson's physical injuries and associated medical expenses." (D.I. 27 at 9; D.I. 24 at 14) Accordingly, the Court will grant

---

[5] At the hearing, Plaintiff's counsel candidly admitted that if Delaware law requires pleading that Plaintiff's purpose for the product be something other than the ordinary purpose for which the product is sold, that would be "fatal" to this claim. (Tr. at 33)

Defendant's Motion with respect to dismissing Plaintiff's declaratory judgment claim in Count I.

### B. Rule 9(b) Motion to Dismiss

Defendant argues that Plaintiff has failed to plead his claims for fraud under the DCFA and intentional misrepresentation by omission[6] – Counts III and VI, respectively – with the factual particularity required by Federal Rule of Civil Procedure 9(b). *See generally Indianapolis Life Ins. Co. v. Hentz*, 2008 WL 4453223, at *10 (M.D. Pa. Sept. 30, 2008) (applying Rule 9(b) to DCFA claim); *Metro Life Ins. Co. v. Tremont Grp. Holdings, Inc.*, 2012 WL 6632681, at *16 (Del. Ch. Ct. Dec. 20, 2012) (requiring intentional misrepresentation claims to meet Delaware Court of Chancery's equivalent to Rule 9(b)). The Court disagrees.

In relevant part, Plaintiff makes the following factual allegations:

> 8. In March 2013, Plaintiff purchased three boxes of Organo Gold coffee from an Organo Gold representative in Delaware. Over a two week period he consumed one cup of coffee a day as directed by Defendants. Plaintiff purchased and consumed the coffee because of Defendants' representation of the purported health benefits derived from Ganoderma Lucidum. When Plaintiff purchased and consumed the Organo Gold coffee, he was unaware of the product's dangerous side effects.
>
> 9. On April 5, 2013, Plaintiff underwent gastric bypass surgery. The surgery proceeded unremarkably, but he was vomiting blood and suffering from blood clots postoperatively which became more frequent as the evening progressed. His hemoglobin level dropped from 11 to 6 and his international normalised ration (INR) was close to 3. After investigation, it was discovered by Plaintiff's doctors that Plaintiff's consumption of Organo Gold coffee infused with Ganoderma Lucidum caused his platelet dysfunction and bleeding which led to his postoperative complications. As a result, Plaintiff had to be resuscitated with multiple blood and platelet transfusions and undergo an emergency

---

[6]Plaintiff represented at the hearing that he is no longer asserting any claims based on affirmative misrepresentations as opposed to omissions. (*See* Tr. at 29)

11

> surgery.
>
> . . .
>
> 13. Ganoderma Lucidum is a natural blood thinner that prevents a person's blood from clotting properly and causes intestinal bleeding and platelet dysfunction. The packaging and/or labeling of Organo Gold products do not contain warnings about these dangerous side effects. The packaging and/or labeling also does not provide information about how much Ganoderma Lucidum is in the product.

(Complaint at ¶¶ 8-9, 13) These allegations are incorporated by reference into Counts III and VI. (*Id.* at ¶¶ 32, 40)

Plaintiff's allegations specify the state in which Plaintiff purchased Organo Gold coffee, the relevant approximate dates during which Plaintiff purchased and consumed the coffee, the amount of coffee consumed, the exact date of his subsequent alleged personal injuries, the alleged cause of his personal injuries, and the alleged omission that serves as the basis for the alleged misrepresentation. Although the allegations do not also disclose which individual Delaware representative sold the coffee to Plaintiff or precisely where that transaction took place, the allegations are sufficient "to place defendants on notice of the precise misconduct with which they are charged." *Eames*, 2008 WL 4455743, at *13. Plaintiff's allegations here stand in contrast to those in *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 (3d Cir. 2015), in which the plaintiffs "fail[ed] to identify any specific fraudulent statements, omissions, or misrepresentations."

In *Frederico*, 507 F.3d at 201, a plaintiff alleging misrepresentation by Home Depot of "the actual hours during which vehicles could be returned so as to avoid or halt the accumulation of late fees" failed to allege (1) when she attempted to return her vehicle and (2) who told her she

could not do so. The Third Circuit found that this did not meet Rule 9(b)'s requirements, explaining:

> We are mindful of Frederico's observation that without the benefit of discovery she could not learn the name of the employee with whom she interacted when attempting to return the truck. Nevertheless, her complaint only refers generally to being "informed by Defendant," and does not disclose the circumstances surrounding her discussion with, or any information about, the particular individual who informed her that the rental department was closed.

*Id.* (internal citations omitted). Here, Plaintiff may need discovery to determine the name of the Delaware representative who sold him the coffee, but this missing detail alone is not fatal to his claims. Because the alleged misrepresentation is a labeling omission rather than an affirmative or verbal misrepresentation,[7] Plaintiff's ability to prove his claims does not turn on his ability to prove the exact circumstances of the transaction whereby he obtained the allegedly mislabeled coffee. *See generally Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

Accordingly, the Court will deny the Motion with respect to dismissal of Counts III and VI pursuant to Rule 9(b).

### C. Rule 12(f) Motion to Dismiss

Plaintiff's putative class, as redefined in his Answering Brief, includes: "All Delaware residents who have purchased or may in the future purchase Organo Gold coffee, where such

---

[7]Plaintiff's allegation in Count VI that Defendant "affirmatively represent[ed] that its products were safe, healthy and free from dangerous side effects" (Complaint at ¶ 41) – which Plaintiff is no longer asserting (*see* Tr. at 29) – would not meet the requirements of Rule 9(b), as Plaintiff has not made any particularized factual allegations regarding affirmative misrepresentations. When Plaintiff amends his Complaint, he should remove any allegations of affirmative misrepresentations.

product is unaccompanied by any warning of the risk of bleeding or blood disorders associated with the consumption of Ganoderma Lucidum."[8] (D.I. 25 at 16)  Although Plaintiff was a resident of Florida when he filed his Complaint (*see* Complaint at ¶ 3), he was a resident of Delaware when he consumed Defendant's product and is again currently a resident of Delaware (*see* Tr. at 40).  The Court assumes, then, that Plaintiff is a member of his proposed class.  *See Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594 (1997) ("Representatives must be part of the class . . . .").

Nevertheless, the Court agrees with Defendant that the Complaint "demonstrates that the requirements for maintaining a class action cannot be met." *Advanced Acupuncture Clinic, Inc.*, 2008 WL 4056244, at *7 (internal quotation marks omitted).  Pursuant to Federal Rule of Civil Procedure 23(a), the Court may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The third of these requirements, typicality, requires that a class representative's claims be "generally the same as those of the other class members in terms of both the legal theory advanced and the factual circumstances underlying that theory." *Semenko*, 2013 WL 1568407, at *8 (internal quotation marks omitted).  It "derives its independent legal significance [separate from the commonality requirement] from its ability to screen out class

---

[8]Defendant does not object to Plaintiff having redefined the proposed class during the briefing.  In the Complaint, the class was described as: "All persons and entities within the State of Delaware that purchased Organo Gold products contain[ing] Ganoderma Lucidum including but not limited to coffee, tea, cocoa, and/or supplements." (Complaint at ¶ 14)

14

actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 598 (3d Cir. 2012) (internal quotation marks omitted).

In addition to satisfying the requirements of Rule 23(a), a party seeking class certification must satisfy one of Rule 23(b)'s requirements. *See Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004) ("[P]arties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)."). Plaintiff here seeks relief under Rule 23(b)(2),[9] which is permissible where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Further pursuant to Rule 23(b)(2),

> What is important is that the relief sought by the named plaintiffs should benefit the entire class. The general applicability requirement of (b)(2) also aims to prevent prejudice to absentees by mandating that the putative class demonstrate that the interests of the class members are so like those of the individual representatives that injustice will not result from their being bound by such judgment in the subsequent application of principles of res judicata.

*Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 59 (3d Cir. 1994) (internal quotation marks omitted).

Plaintiff's serious injuries (*see* Complaint at ¶ 9) significantly differentiate him from other class members, on behalf of which Plaintiff does not allege ***any*** injury. (*See* D.I. 24-1 (Oct.

---

[9]Plaintiff initially sought relief under Rule 23(b)(3) as well, but later withdrew this allegation. (*See* D.I. 26 at 1)

15

9, 2015 Hr'g Tr.) at 12 (Plaintiff acknowledging that "[n]owhere does [the Complaint] allege a personal injury claim on behalf of any absent class member"); *see also id.* at 5-6) Because Plaintiff is "markedly different from the class as a whole," he cannot satisfy the typicality requirement under Rule 23(a). *Marcus*, 687 F.3d at 598. As Defendant explains, "Mr. Johnson's claims for physical injuries will be subject to defenses unique to him that threaten to become the focus of the litigation." (D.I. 27 at 10)

Plaintiff points to *Baby Neal*, 43 F.3d at 58 (3d Cir. 1994), for the proposition that "even relatively pronounced factual differences will generally not preclude a finding of typicality where there is strong similarity of legal theories." But *Baby Neal* did not suggest that an injured plaintiff can adequately represent a class of plaintiffs who have not suffered ***any*** injury. To the contrary, it merely found that "[w]here an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class ***suffering other injuries***, so long as all the injuries are shown to result from the practice." *Id.* (emphasis added).

Further, Plaintiff is unable to satisfy the requirements of Rule 23(b)(2). "When . . . the realities of the litigation demonstrate that the suit has been brought primarily for money damages, it may not be maintained as a (b)(2) class action." *Christiana Mortg. Corp. v. Del. Mortg. Bankers Ass'n*, 136 F.R.D. 372, 381 (D. Del. 1991) (internal quotation marks omitted); *see also In re School Asbestos Litig.*, 789 F.2d 996, 1008 (3d Cir. 1986); *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 142 (3d Cir. 1998).

Accordingly, the Court will grant Defendant's Motion with respect to striking Plaintiff's class allegations and class definition.

## IV. CONCLUSION

An appropriate order will be entered.